JjARMSTRONG, Judge.
The writ application is granted. The policy exclusion at issue in this case, the Total Pollution Exclusion Endorsement, was addressed in the recent Supreme Court decision Ducote v. Koch Pipeline Co. L.P., 98-0942 (La.1/20/99), 730 So.2d 432. Under Ducote, which we are bound to follow, it is clear that there is no coverage under the relator’s policy for claims in this case. Therefore, we will render judgment dismissing the claims against the relator.
The respondent does not distinguish the Ducote decision. Instead, the respondent offers three arguments as to why we should not follow Ducote.
First, the respondent argues that the Ducote decision postdates the issuance of the insurance policy and that, at the time the policy was issued, the existing legal precedents, including decisions of this court, would have led to the conclusion that there was coverage for the claims in the case (we express no opinion as to whether that is so). The respondent then argues that, to apply the Ducote decision to the present case would constitute an impairment of contract rights so as to be unconstitutional under the Contracts Clause (Article I, Section 10) of the [ ¡^Constitution of the United States. The respondent bases this constitutional argument on Muhlker v. New York & H.R. Co., 197 U.S. 544, 25 S.Ct. 522, 49 L.Ed. 872 (1905), and another case, Sauer v. City of New York, 206 U.S. 536, 27 S.Ct. 686, 51 L.Ed. 1176 (1907), which cites Muhlker. However, a later decision of the United States Supreme Court has made clear that a state judicial decision overruling a prior state judicial decision will not constitute an unconstitutional impairment of contract rights. See Tidal Oil Co. v. Flanagan, 263 U.S. 444, 44 S.Ct. 197, 68 L.Ed. 382 (1924) (discussing Muhlker and other decisions). Thus, this first argument of the respondent is without merit.
The respondent’s second argument is that, during the Ducote litigation, the Louisiana Supreme Court was not apprised of *563 the Louisiana Insurance Commissioner’s Advisory Letter Number 97-01 and that, if the Court had been apprised of that Advisory Letter, then Ducote would have been decided differently. However, the record of the Ducote decision reveals that the Louisiana Insurance Commissioner filed an amicus brief and attached to it a copy of Advisory Letter 97-01. Thus, this second assignment of the respondent is without merit.
The respondent’s third argument is that the proper interpretation of the Total Pollution Exclusion is different than that made by the Supreme Court in Ducote and, therefore, the Ducote decision was incorrectly decided. Of course, this court is bound by the decisions of the Supreme Court. Therefore, this third argument of the respondent is without merit.
|3For the foregoing reasons, we grant the writ application and render judgment dismissing the claims against relator Genesis Insurance Company.

WRIT GRANTED: RENDERED AND DISMISSED.